IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA; JUDICIAL NOTICE; GLOVER,<br><br>   Defendants.<br>_____ / | NO. C 10-0179 WHA (PR)<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND; DIRECTING CLERK TO APPLY FILING FEE FROM CASE NO. C 09-4956 WHA TO THIS CASE** |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison – Corcoran, in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has requested that the filing fee paid in a prior case, Case No. 09-4956 WHA (PR) be applied to this matter. .

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The complaint is incoherent. For example, plaintiff names as defendants "California," "Judicial Notice," and "Glover," without identifying who "Glover" is or where he is located. In the section of the form complaint in which to set forth his "Statement of Claim," plaintiff states "Paid 350.00 for Judicial notice of State Exhaustion and a Federal Question 30 Questions to Be written in an order on Exhaustion State appeals process 28 USC – 2244 on § 1983 which is allowed FRCP FRE 201(b) Notice of court record." In the section of the form complaint for describing the relief plaintiff seeks, he states "Ruling By USDist Judge Henderson Judicial notice of State Appeals Exhaustion (4) Trials, D.N.A. motion after Exhaustion Period. Quick and Speedy Determination of Exhaustion for 9th Cir. To prove what was Exhausted and when by Looking at paragraphs and Questions." Plaintiff continues in this manner in the approximately 150 pages that he attaches to the form complaint. In addition to his writings, the attachments include a variety of unlabeled exhibits that plaintiff has marked with similarly wide-ranging incoherent annotations.

The complaint does not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth

2

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement may be the basis for dismissal.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  The complaint here does not comply with Rule 8(e).  It does not set forth simple, concise and direct averments.  Instead, the allegations are rambling, nearly impossible to understand, and at times highly inflammatory, including the allegation that a former judge of this court is both a "liar" and an "anarchist."  Plaintiff will be given leave to file an amended complaint that complies with the requirement of Rule 8(a) that he set forth only a "short and plain statement" of his claim.

As plaintiff's allegations appear to touch on alleged violations that occurred during in the course of his prosecution in state court, he should be aware that in amending his complaint he may not set forth any claims that, if proven, would render his state court conviction or sentence invalid.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

**C.     FILING FEE**

Plaintiff has requested that the filing fee he paid in Case No. 09-4956 WHA (PR) be applied to the instant matter.  The fee in that case was ordered to be refunded to plaintiff because it was received after the case had already been dismissed for failure to pay the filing fee by the deadline.  As the fee has not yet been refunded to plaintiff, it will be more efficient to simply apply it to the instant matter.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order (No. C 10-0179 WHA (PR)) and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time and in accordance

with this order will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's request to apply the filing fee that he paid in Case No. 09-4956 WHA (PR) to the instant matter is **GRANTED**. The order dated January 8, 2010 in Case No. C 09-4956 WHA is **VACATED IN PART** to the extent it directs the Clerk to refund the filing fee. Instead, the Clerk shall apply the filing fee paid in Case No. 09-4056 WHA to the instant matter. No further filing fee is due.

**IT IS SO ORDERED.**

Dated: March   29  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HARNDEN0179.LTA.wpd

4