IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>         Plaintiff,<br><br>  v.<br><br>CALIFORNIA; JUDICIAL NOTICE; GLOVER,<br><br>         Defendants.<br>                                                        / | No. C 10-0179 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison – Corcoran, in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff timely filed an amended complaint. In various letters, plaintiff has also requested that this case be consolidated with an earlier case he filed, Case No. 09-4956 WHA (PR), and that the order of May 3, 2010.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     AMENDED COMPLAINT**

Plaintiff's initial complaint was dismissed because it was incoherent, and as such did not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). As detailed in the order dismissing the complaint with leave to amend, plaintiff's allegations were rambling, nearly impossible to understand, and at times highly inflammatory, including the allegation that a former judge of this court is both a "liar" and an "anarchist." Consequently, the complaint was dismissed with leave to file an amended complaint that complies with the requirement of Rule 8(a) that he set forth only a "short and plain statement" of his claim.

The amended complaint suffers from the same rambling incoherence as the initial complaint. While there appears to be some allegation that limitations are being placed on his access to mail due to his prison disciplinary record, such a claim, to the extent one is intended, is made among so many incoherent allegations that the basic contours of the claim, such as the dates, specific incidents, the individual officials involved, cannot be discerned. For example, plaintiff alleges "One prison Discplinary Dismissed 2008 intertwines and causes case to Relate Back. 1991 to 2008 in a modus operandi by state Actors sued under color of Law and violating constitutional rights" and "In the theft of Jail legal property. used to manufacture Evidence Legal Attorney client Court mail to Damage cases including a Grievance proceedure." The allegations continue in this manner, touching on such a wide-range matters, including alleged wiretaps, "RICO crimes," "terrorist threats," and a large number of plaintiff's prior cases. In his request for relief he states that an unnamed "person will be tried in an anarchist court (a) by me if (B) DNA frees me (c) or I do the other 20 years to do," and continues on to state "You'll do well not to lie for any Defendant in my court Judge you understood each word you didn't want 250 pages amendment is under protest, it was simple before complicated now." The amended complaint falls far short of the "short plain statement" required by Rule 8 and is impossible to understand. As plaintiff did not cure the deficiencies in his original complaint, there is no reason to assume that he could or would do so with further leave to amend. Consequently, the complaint will be dismissed.

**C.    OTHER REQUESTS**

As noted, in letters to the court plaintiff requested this case be consolidated with his prior case, Case No. 09-4956 WHA (PR). In light of the dismissal of both that case and this, the request for consolidation is denied as moot. Plaintiff also requested reconsideration of the order dated May 3, 2010 in which a prior order applying the filing fee from his earlier case to the instant matter was vacated. Plaintiff has shown no basis for reconsideration of that order under Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, the request for reconsideration is denied.

3

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August    22   , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HARNDEN0179.DSM.wpd